CASE 27—PETITION ORDINARY—JUNE 26.

# Frank, &c., vs. Keith, &c.

**APPEAL FROM HARRISON CIRCUIT COURT.**

The Central railroad company is not liable for a bundle of jeans which was captured by Confederate troops in June, 1864, at the depot in Cynthiana, without any culpable negligence upon the part of the company or its agents.

W. W. TRIMBLE,                                     For Appellants,

CITED—

1 *Parsons on Bailments, pp.* 635, 630.

2 *Raymond,* 909 ; *Cuggs vs. Bernard.*                    \ ↄ

3 *Esp.,* 127 ; *Proprietors vs. Wood.*

STEVENSON & MYERS,                                For Appellees,

CITED—

2 *Black's Prize Cases,* 675.

12 *B. Mon.,* 63 ; *Reno vs. Hogan.*

*Redfield on Railways, pp.* 264 to 268.

13 *Barb.,* 353 ; *Parsons vs. Montieth.*

14 *Barb.,* 524 ; *Moore vs. Evans.*

*Story on Bailments, sec.* 545 (*a*).

1 *Parsons on Contracts, pp.* 659, 649.

*Chitty on Carriers, p.* 23.

19 *Barb.,* 36 ; *Wibert vs. R. R. Co.*

2 *Kernan,* 245.

17 *B. Mon.,* 722 ; *Patch vs. City of Covington.*

1 *Dana,* 337 ; *Bosworth vs. Brand.*

2 *Greenleaf on Evidence, sec.* 256.

*Sedgwick on the Measure of Damage,* 62.

Frank, &c., vs. Keith, &c.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

June 7th, 1864, Gray delivered a bundle of three hundred and forty and one half yards of jeans at Cynthiana, to the agent of the Central railroad company, to be transported to appellants at Paris.

The freight train, which came along the same day, was loaded to its utmost capacity with government stores, there being no place to put this freight except on an open car, where it would be subject to damage and destruction by fire from the sparks, and on which the agent would not trust it, as it was against the universal custom of the company to put such freight on open cars.

Before the freight train came along the next day, a part of the Confederate troops, being public enemies, destroyed some of the bridges so as to detain the operation of the road for several days, and on the eleventh of the month captured the railroad depot at Cynthiana, having expelled the Federal troops therefrom, and then took possession, as may be presumed, of the town.

Those Confederate troops took the jeans, and appellents brought this suit to recover its value from the road company. The issues were submitted to the court, who dismissed the petition. The receipt given for said freight expressly provides that the company " is not to be held responsible for any loss or damage arising from the enemies of the government, the restraints of the government, mobs, riots, insurrections, pirates, or from any damages incident to a time of war."

The only possible claim that appellants could have to damages must be predicated on the negligence of the company in not notifying them to take away the jeans.

There is nothing to show that the jeans was less secure in the railroad depot than it would have been elsewhere; and as it was guarded by Federal soldiers, it

Frank, &c., vs. Keith, &c.

may be reasonably presumed to have been regarded safer there than elsewhere; besides, it may be presumed that both the consignor and consignees knew of the damage done the road, and consequent detention of its operation, and their seeming acquiescence in its remaining there may be regarded in the same light of safety. There certainly was no culpable negligence in not shipping the goods by the first train. The government demanded the use of the road to the exclusion of individuals when it desired transportation; and in times of war this right of the government cannot be legally resisted, and if not predicated on a legal right, it has the physical power, which it exerted, to demand and receive this exclusive use.

There is nothing to show that the company was not proceeding with all reasonable dispatch to repair their road for operation, and no carelessness in taking care of their accumulated freight, and especially this particular bundle. The permitting the freight to remain in their depot without notification to the consignor or consignees for four days, under such circumstances, does not make out such legal carelessness as will make the company responsible for its loss.

Wherefore, the judgment is affirmed.